MIKE KOHOOT et al., respondents,

*v.*

FRANK GURBISZ et al., appellants.

[Decided October 17th, 1927.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Griffin, whose opinion is as follows:

"(1) The bill in this cause is filed to obtain a decree impressing a lien upon the lands in question for the sum of $1,500, which the defendants agreed to pay the complainants as the purchase price of their store in case the contract of sale fell through by reason of defect of title, &c. The defendants were the owners of the premises, and the complainants were the lessees of a store in the premises in which they carried on a candy, stationery and cigar business. By the terms of the contract the defendants bought this store for the sum of $1,500, which sum was to be credited on account of the purchase price of the lands, and, as above stated, if the sale fell through from defect of title, the defendants were bound to pay the $1,500; and, immediately upon the signing of the contract, were put in possession and continued therein down to a recent date, when they sold the store for $280. There is a clause in the contract covenanting against encroachments on the lands of the defendants, as well as encroachments by the defendants on the lands of their neighbors. The adjoining building encroaches on the defendants' lands one-half of an inch in the rear and five-eighths of an inch in front. When this situation was discovered, the parties met [on October 17th, I think] and entered into a stipulation whereby the defendants were to reduce the purchase price $650 by reason of the encroachment; and the previous contract, which was in writing, was modified so that, instead of giving to the complainants $1,000 in cash and $900 by

third mortgage and the assumption of two prior mortgages, the complainants were to pay the whole balance in cash, which amounted to $1,250, being $250 more in cash than the original agreement required the payment of; and the complainants were to take the title subject to the existing encroachments.

"Various conferences were held and an agreement was prepared in writing by Judge Brenner, which was agreed to by the parties, and had the O. K. of Judge Doherty, representing the complainants, but the same was not signed by any of the parties. There was one matter that, by mistake, was left out of this agreement, viz., that the defendants were also to pay to the complainants $120, being the deposit which the complainants made with the defendants to secure the payment of the rent under the lease. This was also agreed to by the parties. Judge Brenner says that the contract was not signed because they expected to pass the title within a few days. At this time the search had not been completed. Mr. Sanborn was making the search and found a *lis pendens* on file, which troubled him, and Judge Brenner says it did not affect the property because, at the time it was filed, the defendants were the owners of the property and were not mentioned in the *lis pendens,* and were not parties to the suit; however, to satisfy Sanborn, he obtained an order from Vice-Chancellor Bentley, in Christmas week, discharging the *lis pendens,* and on January 7th they met at Judge Brenner's office to pass the title.

"The complainants, from the time the oral agreement was entered into on October 17th, down to January 7th, 1926, never gave notice of any kind that they would not take the title. They met that night at Judge Brenner's office. They waited for Judge Doherty to come in, and when he came there he said that they were 'all ready,' or words to that effect, when the defendants called Judge Doherty out of the room, and Judge Doherty returned, saying that his clients would not carry out the terms of the oral agreement. I think the reason given was that his clients did not have sufficient funds to pay the increased cash. There the matter dropped. [I

might add that, prior to October 17th, 1925, the complainants had filed their bill, as above stated, and this compromise agreement, or settlement agreement, was made thereafter, and, having fallen through, in January, 1926, the defendants answered, settling up this supplemental agreement, which I take from the testimony to be clearly proved.]    To this answer the complainants filed a general replication, which operates as a denial of every allegation of new matter set up in avoidance or bar. *Lovett* v. *Demarest, 5 N. J. Eq. 113; Wilkinson* v. *Bauerle, 41 N. J. Eq. 635, 646; 7 Atl. Rep. 514; Kocher & Triers Chan.* § *366; Kocher's Ch. Pr. p. 315; Freichnecht* v. *Meyer, 39 N. J. Eq. 551, 554.* See, also, rule 74, Court of Chancery.

"The defendants offered in evidence the unsigned supplemental agreement, which was objected to.   Colonel Vickers claims that it is not within the statute of frauds, because it is not an independent agreement, but is a modification of the written agreement.

"The defendants went into possession under the original contract, and not under the contract as amended, so that there could be no part performance of the supplemental contract to take it out of the statute.

"(2) It seems quite clear that, in view of the clause of the contract that there were no encroachments, when, in fact, there were, the contract is rendered unenforceable by the defendants against the complainants. *Wyatt* v. *Bergen, 98 N. J. Eq. 502, 507; 130 Atl. Rep. 595; affirmed, 98 N. J. Eq. 738; 130 Atl. Rep. 597; Herring* v. *Esposito, 94 N. J. Eq. 348; 119 Atl. Rep. 765.*

"The case therefore turns on whether this subsequent agreement, modifying the terms of the signed contract as to payment, and accepting subject to encroachments, is valid and not opposed to the statute of frauds.

"(3, 4) Under section 9 of the statute, the consideration need not be set forth or expressed in writing, but may be proved by any other legal evidence. *2 Comp. Stat. 1910 p. 2616* § *9; Nibert* v. *Baghurst, 47 N. J. Eq. 201; 20 Atl. Rep. 252; Cavanna* v. *Brooks, 97 N. J. Eq. 329; 127 Atl. Rep. 247; 37 A. L. R. 361.* Thus, if the question of consideration

alone was involved, the agreement would not violate the statute of frauds. But this consideration was to be paid for the changing of the signed contract, so that the defendants might convey the property subject to these encroachments, which means that the complainants might not receive the fee in the lands encroached upon, and it might be that the encroaching owner has acquired title by adverse possession. Thus, the original contract is modified by cutting down the quantity of land to be conveyed. This, I think, brings the amendatory contract and agreement within the statute of frauds, under section 5 of the statute [*2 Comp. Stat. 1910 p. 2612*], which provides that 'any contract for sale of lands, tenements or hereditaments, or any interest in or concerning them,' shall be void unless in writing signed by the party to be charged therewith, &c. I consider that the agreement as to this encroachment touches an interest in lands, or concerning lands.

"I will advise a decree for the complainants."

The foregoing memorandum, being merely for the enlightenment of counsel in ascertaining the views of the court, is not to be published, printed nor filed; if an appeal is taken, however, counsel will notify me in writing of that fact and have the testimony transcribed and forwarded to me, whereupon I will prepare and file a formal opinion.

N. B.—The above opinion was rendered in the form of a letter addressed to the solicitors of the respective parties. Although it was the request of the late Vice-Chancellor Griffin that this opinion should not be printed, published or filed, because he desired to render a formal opinion in the event that an appeal would be taken, an appeal was taken, but before the late vice-chancellor rendered his formal opinion, he died.

*Mr. Richard Doherty,* for the respondents.

*Messrs. Brenner & Kresch,* for the appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Griffin.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH,. BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.